UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TOM ALLEN MANUEL,

                          Plaintiff,

v.                                                               Case No. 25-cv-665-pp

CITY OF LANSING, MI, *et al.*,

                          Defendants.

---

**ORDER ADOPTING JUDGE DRIES'S REPORT AND RECOMMENDATION (DKT. NO. 10) AND DISMISSING CASE**

---

On May 6, 2025, plaintiff Tom Allen Manuel filed this lawsuit, alleging violations of his constitutional rights. Dkt. No. 1. On July 29, 2025, Magistrate Judge Stephen C. Dries issued a report recommending that this district court dismiss the case without prejudice for the plaintiff's failure to diligently litigate it. Dkt. No. 10. The court has not received from the plaintiff an objection to the order, even though the deadline for him to file one passed on August 12, 2025. This order adopts Judge Dries's recommendation and dismisses the case.

**I.**     **Legal Standard**

The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." U.S.C. §636(b)(1); Federal Rule of Civil Procedure 72(b)(3). When a party does not object to the recommendation, the district judge may reconsider the magistrate judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

1

## II. Discussion

The plaintiff's litigation history is helpful in understanding the history of his communications with the court, and the court's communications with him.

On March 10, 2025, the plaintiff filed in this district a complaint against defendants J.F. Caraway and J.A. Ferris. Manuel v. Caraway, *et al.*, Case No. 25-cv-359 (E.D. Wis.), Dkt. No. 1. That complaint stated that the plaintiff was confined at the Ingham County Jail in Mason, Michigan. Id. at 1.

On May 6, 2025, the court received from the plaintiff the instant civil rights complaint under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. At the time he prepared this complaint, the plaintiff stated (as he had in the Caraway case) that he was confined at the Ingham County Jail. Dkt. No. 1 at 1. (The return address on the envelope in which he mailed the complaint was P.O. Box 9175, Seminole, Florida, 33775-9175, the address of the Ingham County Jail's mail processing center. Dkt. No. 1-2; http://sheriff.ingham.org/court_and_sheriff/sheriffs_office/corrections.php

The same day—May 6, 2025—the clerk's office mailed the plaintiff a letter advising him that he needed to provide his magistrate judge consent form for this case. Dkt. No. 4. It sent that letter to the Ingham County Jail address that the plaintiff had provided in the complaint. The letter advised the plaintiff that he must immediately notify the court of any address change and that failure to do so could result in dismissal of his case without further notice. Id.

On May 7, 2025—the day after the clerk's office received the complaint in *this* case, and the day after it mailed the plaintiff a notice that he needed to send in his magistrate judge consent form—the clerk's office received from the plaintiff a notice that his address had changed; he put only one case number on that notice—Case No. 25-cv-359—the Caraway case. Case No. 25-cv-359, Dkt. No. 7. The notice stated that the plaintiff's new, temporary address was Newaygo County Jail, P.O. Box 845, White Cloud, MI 49349. Id. Even though the plaintiff did not put the case number for *this* case on the change-of-address notice, the clerk's office changed his address on the docket for both cases.

On May 20, 2025, the clerk's office received back the May 6, 2025 notice it had sent to the plaintiff advising him to send in his magistrate judge consent form for this case. Dkt. No. 5. The envelope was marked, "Return to Sender No Longer at this Address." Id. The court now knows that that was because the plaintiff had moved from the Ingham County Jail to the Newaygo County Jail. So, on May 21, 2025, the clerk's office re-sent the notice to the plaintiff, this time mailing it to the Newaygo County Jail. Dkt. No. 6. But on June 6, 2025, the clerk's office received that letter back as undeliverable. Dkt. No. 7. The envelope was marked "Return to Sender Refused Unable to Forward." Id.

On June 27, 2025, Judge Dries issued an order in this case requiring the plaintiff to submit his complete trust account statement (for November 2024 through May 2025) by July 15, 2025, or the court would dismiss this case for the plaintiff's failure to diligently litigate it. Dkt. No. 8. The court sent a copy of the order to the plaintiff at the Newaygo County Jail, but on July 10, 2025, it,

3

too, was returned as undeliverable. Dkt. No. 9. A yellow sticker on the envelope says "Return to Sender, Refused, Unable to Forward." Id.

On July 29, 2025, Judge Dries issued a report recommending that this district court dismiss the case without prejudice under Civil Local Rule 41(c) (E.D. Wis.), based on the plaintiff's failure to provide his six-month institutional trust account statement and failure to provide an updated address. Dkt. No. 10 at 2; see Civil L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."). Judge Dries's order recommending that this case be dismissed without prejudice also was mailed to the plaintiff at the Newaygo County Jail, and also was returned to the court as undeliverable. Dkt. No. 11. The envelope contains a sticker stating "Return to Sender, Refused, Unable to Forward. Id.

It has been three and a half months since the clerk's office received the plaintiff's notice (in Caraway, Case No. 25-cv-359) that his address had changed from the Ingham County Jail to the Newaygo County Jail. The plaintiff has not provided any further change-of-address information in either case. The plaintiff did not receive Judge Dries's order (or several other documents in the two cases he has filed in this district), but the court has no address for the plaintiff other than the Newaygo County Jail and so has no way to ensure that Judge Dries's order or this order will get to him.

4

Case 2:25-cv-00665-PP   Filed 08/22/25   Page 4 of 5   Document 12

The court has reviewed Judge Dries's order and finds that no part of the order is erroneous or contrary to law. The court will adopt Judge Dries's recommendation and dismiss this case.

## III. Conclusion

The court **ADOPTS** Magistrate Judge Dries's Report and Recommendation and **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** under Civil Local Rule 41(c) for the plaintiff's failure diligently prosecute it. Dkt. No. 10. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 22nd day of August, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**